## CRAIGE *vs.* TINGLE.

A promissory note not payable to order or to bearer, and not indorsed by the payee, who was a married woman and is dead, was sued by her husband for the use of certain creditors, without alleging that he was the husband and had paid the debts of the wife, or other-wise making an equitable case in his declaration :

*Held,* that there could be no recovery under such pleadings.

Husband and wife. Promissory notes. Pleadings. Before Judge HILLYER. Henry Superior Court. April Term, 1879.

J. J. Tingle brought complaint in the short form on a promissory note against Craige. The copy note attached was payable to E. A. Tingle. The declaration was amended by making the action proceed in the name of J. J. Tingle for the use of certain creditors of E. A. Tingle, deceased.

On the trial, the note was tendered in evidence. Defendant's counsel objected. Parol testimony was then introduced by plaintiff to the effect that E. A. Tingle was the wife of the plaintiff, and was dead; that he had paid some of her debts, and that the parties who were made usees by the amendment were unpaid creditors. The court then admitted the note.

The jury found for the plaintiff. Defendant moved for a new trial, among other grounds, because the court admitted the note, and because the verdict was contrary to law and evidence. The motion was overruled, and defendant excepted.

G. W. BRYAN, by brief, for plaintiff in error.

J. S. BOYNTON; T. C. NOLAN; H. C. PEEPLES, for defendant.

JACKSON,· Justice.

In this case suit was brought on a note payable to the payee, and not to bearer or order. The note was not in-

dorsed by the payee. She died, and her husband sued on the note, but did not set out in his pleadings that he was the husband of the payee, or any other facts going to show an equitable title in him, which might possibly have entitled him to have recovered in equity, or at law upon an equitable case made. He amended by making certain creditors of the wife parties as usees to the suit; but this did not help his case. There was no title—no legal title in him who sued as a mere stranger, not even designating himself as the husband of the payee. A mere interloper, without any title to the note, has no right to bring suit on it for the use of anybody. His declaration showed no title at all in the plaintiff—no relationship to the payee—no privity of any sort to the contract; but a mere stranger to the note and payee sued it. He cannot recover on such pleadings, whatever may be his fate on a proper case made. The judgment must be reversed, the verdict set aside, and a new trial awarded.

Judgment reversed.